UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYRONE OWENS, JR.,

    Petitioner,

vs.                             Case No. 2:05-cv-528-FtM-29DNF
                                  Case No. 2:97-cr-55-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER**

      This matter comes before the Court on a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) (the Petition), filed on November 7, 2005. Petitioner asks the Court "to allow him to test the limits of the United States Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005) for relief under 28 U.S.C. § 2255 para. 6(3)." (Doc. #2, p. 2).

      The Eleventh Circuit held "that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

Additionally, petitioner filed a previous § 2255 petition, and therefore needs the permission of the Eleventh Circuit to file a successive petition. Accordingly, the petition must be dismissed.

Accordingly, it is now

**ORDERED**:

1. The Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of November, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Tyrone Owens, Jr.
Counsel of Record